UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| NEWTREND USA CO., LTD., STARILLE, LTD., and NUTRAWAVE CO., LTD.<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>        and<br><br>GEO SPECIALTY CHEMICALS, INC.<br><br>        Defendant-Intervenor. | Court No. 22-347 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
FOR VOLUNTARY REMAND**

Plaintiffs Newtrend USA Co., Ltd., Starille Ltd., and Nutrawave Co., Ltd. (collectively "Plaintiffs") respectfully respond to Defendant's Partial Consent Motion for a Voluntary Remand (CM/ECF Doc. 62) ("Defendant's Motion"). Plaintiffs agree that a voluntary remand is appropriate in this action, in light of the decision of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023). However, as explained below, Plaintiffs object to the scope of the request for remand requested by Defendant, because it is too limited and does not address all of the issues in this case that are impacted by *Royal Brush*.

**I.    STANDARD OF REVIEW.**

Under Federal Circuit precedent, an agency "may request a remand (without confessing error) in order to reconsider its previous position." *Ellwood City Forge Co. v. United States*, No.

21-00077, 2023 WL 4703309, at *4 (Ct. Int'l Trade July 24, 2023) (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)). In such circumstances, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Ellwood*, 2023 WL 4703309, at *4 (quoting *SKF*, 254 F.3d at 1029). "An agency's concerns are substantial and legitimate when '(1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate.'" *Ellwood*, 2023 WL 4703309, at *4 (quoting *Baroque Timber Indus. (Zhongshan) Co. v. United States*, 37 CIT 1123, 1127. 925 F. Supp. 2d 1332, 1338-39 (2013)); *accord* Defendant's Motion, at 3.  It is the third of these that is implicated by Defendant's request, because inherent in this Court's authority to remand is its authority to determine the appropriate scope of that remand. *See Tianjin Wanhua Co., Ltd. v. United States*, 40 CIT ___, ___, 182 F. Supp. 3d 1301, 1306 (2016) (declining to limit scope of remand as requested by defendant).  Further, the Court has issued remand orders that otherwise modify or clarify the scope of the remand requested by the agency.  *See Union Steel v. United States*, 35 CIT 195, 206, 755 F. Supp. 2d 1304, 1313 (2011) (granting defendant's request for remand but stipulating that remand instructions be "updated to reflect the significant development that has occurred since defendant filed its draft remand order").

**II.    THE SCOPE OF DEFENDANT'S REQUEST IS NOT APPROPRIATE.**

Defendant characterizes its request as follows:

> Plaintiffs argue that Customs has inappropriately withheld confidential information because certain business proprietary documents, such as the verification report and the so-called "Invisible Memo," do not have corresponding public versions sufficient to permit a reasonable understanding of the underlying information.  Plaintiffs also assert that Customs failed to place documents that they claim were "exculpatory" on the record that it received at verification.  They argue that without such evidence on the record, Customs "deprived Plaintiffs of critical evidence" and Customs must "explain how its findings of transshipment can be squared with it."  Without confessing error, we respectfully request that the

2

> Court grant a limited voluntary remand in light of the Federal Circuit's decision in *Royal Brush* concerning the treatment of confidential information.

Defendant's Motion, at 2 (citations omitted).  Defendant does not state on remand whether it will reopen and *sua sponte* place on the record (or allow Plaintiffs to place on the record) the exculpatory documents that Plaintiffs (or their affiliates) gave to Defendant at verification but that Defendant refused to allow in the original proceeding, and whether it will permit additional briefing (including responsive information) based on those additional materials.  The motion—which did not change even after Plaintiffs raised their concerns—suggest that Defendant wants *only* to enter a protective order and make the documents in question a part of the record.  But the Federal Circuit in *Royal Brush* was clear that its remand was twofold, directing Customs to provide unredacted information to Royal Brush *and* "give it an opportunity for rebuttal." 75 F.4th at 1263.  Moreover, the Federal Circuit found specifically that Customs' verification report constitutes "new factual information that, by regulation Royal Brush is entitled to rebut." *Id*. at 1262.  Accordingly, Plaintiffs respectfully request that the Court enter an order in substantially the form of the attached form of proposed order, directing the following.

First, the Court should direct Defendant, on remand, to provide the parties an opportunity to submit new briefs for Customs based on the complete information disclosed under any protective order.  *See Norca Industrial Co., LLC v. United States*, 46 CIT ___, 561 F. Supp. 3d 1379 (2022).  In *Norca*, the Court considered a motion for voluntary remand in an EAPA investigation where the defendant confessed that "certain documents collected during the investigation were not provided to the Parties during the investigation or included as part of the record that Customs received for consideration during the administrative review." 46 CIT ___, ___, 561 F. Supp. 3d 1379, 1382 (2022).

Second, the Court should direct Defendant, on remand, to provide Plaintiffs an opportunity to place on the record additional exculpatory documents and rebuttal factual information rebutting the verification report, rather than limiting the remand to expanding the record. *See Royal Brush*, 75 F.4th at 1262, 1263.

Similar to the facts at bar here, the Court in *Norca* observed that the gravamen of the complaint included the claim that "Customs unlawfully excluded exculpatory information from the administrative record, deprived Norca of due process by failing to provide it with access to records during the investigation, and based the final determination on new allegations of perceived document discrepancies that Customs never provided an opportunity to explain." *Norca*, 46 CIT at ___, 561 F. Supp. 3d at 1383. In granting the motion for voluntary remand, the *Norca* Court stated that "it is essential for the Parties to have the opportunity to make presentations to Customs based on complete information, and that Customs' consideration of the entirety of the record is also essential to ensure the accuracy and completeness of its final administrative determinations." *Id*. at ___, 561 F. Supp. 3d at 1384.

### III. CONCLUSION.

In summary, the Court should direct Defendant, on remand, to allow parties to submit additional factual information that is relevant to the information newly disclosed under the Protective order, including rebuttal factual information concerning information presented to Customs during the verification. The Court should further direct Defendant to allow parties an

4

opportunity to submit new briefs on all of the additional information disclosed under the Protective Order and any additional factual information submitted by the parties.

Respectfully submitted,

/s/ Douglas J. Heffner
Douglas J. Heffner
D. Alicia Hickok
Wm. Randolph Rucker
Richard P. Ferrin
Carolyn Bethea Connolly
**FAEGRE DRINKER BIDDLE & REATH LLP**
1500 K Street, N.W.
Washington, DC 20005
(202) 230-5803

Date: September 18, 2023

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE**

| | |
|---|---|
| NEWTREND USA CO., LTD., STARILLE, LTD., and NUTRAWAVE CO., LTD. <br><br>         Plaintiffs, <br><br>         v. <br><br> UNITED STATES, <br><br>         Defendant, <br><br>         and <br><br> GEO SPECIALTY CHEMICALS, INC. <br><br>         Defendant-Intervenor. | Court No. 22-347 |

**ORDER**

Upon consideration of Defendant's partial consent motion for a voluntary remand and Plaintiffs' response thereto, it is hereby

ORDERED that Defendant's motion is granted, as clarified herein; and it is further

ORDERED that Defendant shall submit a proposed Protective Order consistent with the example protective order contained in Attachment 1 of Defendant's motion; and it is further

ORDERED that on remand, U.S. Customs and Border Protection ("Customs") shall allow parties to submit additional factual information that is relevant to information newly disclosed under the Protective Order, including (but not limited to) rebuttal factual information concerning information presented to Customs during the verification; and it is further

Court No. 22-347

      ORDERED that on remand, Customs shall allow all parties an opportunity to submit new briefs on all of the additional information disclosed under the Protective Order and any additional factual information submitted by the parties.

      SO ORDERED.

Dated    _____        _____
      New York, N.Y.                                              Judge

## CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this submission contains 1085 words. In making this certification, I relied on the word count function of Microsoft Word.

/s/ *Richard P. Ferrin*
Richard P. Ferrin