UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| NEWTREND USA CO., LTD., *et al.*,<br><br>     Plaintiffs,<br><br>  v.<br><br>UNITED STATES,<br><br>     Defendant,<br><br>     and<br><br>GEO SPECIALTY CHEMICALS, Inc.,<br><br>     Defendant-Intervenor | Court No. 22-00347 |

DEFENDANT-INTERVENOR'S REPLY
TO THE PLAINTIFFS' RESPONSE TO THE MOTION FOR VOLUNTARY REMAND

The Defendant-Intervenor GEO Specialty Chemicals, Inc. ("Defendant-Intervenor") respectfully submits its reply to the Plaintiffs' response to the Motion for a Voluntary Remand. *See* CM/ECF No. 63 ("Plaintiffs' Response"). The Defendant-Intervenor objects to the expanded scope of the voluntary remand sought by the Plaintiffs. The Court should grant the limited voluntary remand requested by the Defendant, which addresses the recent decision of the Court of Appeals for the Federal Circuit ("Federal Circuit") in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), concerning the treatment of confidential information only, and should not allow the parties to place additional "exculpatory documents and rebuttal factual information rebutting the verification report" on the administrative record of the underlying investigation as part of the voluntary remand. CM/ECF No. 62 ("Defendant's Motion").

"Generally, a request for a voluntary remand due to substantial and legitimate agency concerns should be granted." *An Giang Fisheries Imp. & Exp. Joint Stock Co. v. United States*, 179 F. Supp. 3d 1256, 1285 (Ct. Int'l Tr. 2016) (citing *Timken Co. v. United States*, 38 Ct. Int'l Tr. 670, 673 (2014)); *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). "A reviewing court's function is to screen out those frivolous and bad faith remand requests that compromise litigants' legitimate concerns for finality," but "when the agency requests remand to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute." *Gleason Indus. Prods., Inc. v. United States*, 31 Ct. Int'l Tr. 393, 386 (2007); *see also Elkay Mfg. Co. v. United States*, 2015 Ct. Int'l Tr. LEXIS 33* at *9-10 (April 20, 2015) (rejecting the plaintiff's motion to reconsider the court's remand order based on the defendant's voluntary remand request, noting that the plaintiff's arguments "do not negate the established principle that good faith requests by administrative agencies for voluntary remands are, as a general matter, to be granted by reviewing courts.")

The Defendant's limited voluntary remand request is substantial and legitimate as it seeks to address the recent *Royal Brush* decision to the extent applicable to this case. *See SKF USA*, 254 F.3d at 1028 ("the agency may seek a remand because of intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation.") (internal citations omitted).  In its motion, the Defendant acknowledged that the Federal Circuit in *Royal Brush* raised "potential concerns with how it treated confidential information during the underlying {investigation}, and how that may have limited plaintiffs in responding to GEO's transshipment allegations."  CM/ECF No. 62, Defendant's Motion at 4.  To address this concern, the Defendant requested that the Court grant a limited voluntary remand where

"it could enter a protective order" that allowed the Plaintiffs to access proprietary information. *Id.* at 4-5.  This limited scope is appropriate.  The Defendant's proposed limited voluntary remand is precisely tailored to address the *Royal Brush* ruling that the lack of access to confidential business information in the U.S. Customs and Border Protection ("CBP") Enforce and Protect Act ("EAPA") investigation is a violation of due process, which applies now to all EAPA proceedings as they share the same procedural defect.  *Royal Brush*, 75 F.4d at 1259.  The Plaintiffs did not object to this aspect of the Defendant's voluntary remand request.

The Plaintiffs' effort, however, to expand the proposed scope of the voluntary remand is meritless.  Specifically, in their response, the Plaintiffs requested that the Court direct the Defendant "to provide Plaintiffs an opportunity to place on the record additional exculpatory documents and rebuttal factual information rebutting the verification report, rather than limiting the remand to expanding the record."  *See* CM/ECF No. 63, Plaintiffs' Response at 3-4.  The Plaintiffs argued that the *Royal Brush* ruling was twofold — "directing Customs to provide unredacted information to Royal Brush *and* 'give it an opportunity to rebuttal'" — and thereby the Court should address both aspects of *Royal Brush* in its remand order.  *Id.* at 3 (emphasis in original).  This is wrong.  The Federal Circuit's direction in *Royal Brush* to CBP to provide an opportunity for rebuttal is specific to the facts there and is inapposite to the case here.

In *Royal Brush*, the importer "sought to file a rebuttal to the Verification Report" and was denied the opportunity to submit rebuttal evidence because CBP determined "that the verification report did not, in fact, contain new factual information" in the underlying investigation there. *Royal Brush*, 75 F.4th at 1254.  The Federal Circuit directed CBP to provide Royal Brush the opportunity to rebut there only because the regulations allowed the party such an opportunity when the record evidence showed that CBP not only relied on data provided previously but also

on new factual information obtained at verification. *Id.* at 1262 ("{the court concludes}

the regulations themselves provide the right to rebut because CBP relied on new factual

information"…This is further demonstrated by CBP's statements in the Final Determination as to

evasion: "Based on entry information …and *information obtained at verification*, CBP

determined that …); *see also* 19 C.F.R. § 165.23(c)(2) ("Voluntary submissions made after

the 200th calendar day after initiation of the investigation will not be considered or placed on

the administrative record, except rebuttal information as permitted pursuant to the next sentence

herein.  Parties to the investigation have ten calendar days from the date of service of any factual

information or from the placement of any factual information on the record to provide rebuttal

information to that factual information.").

   Unlike the party in *Royal Brush*, the Plaintiffs have never argued that CBP relied on new

factual information in the verification report that entitled them to the right of rebuttal, as

provided under the regulations, or sought to submit rebuttal evidence addressing the verification

report.  Rather, they appear to argue against that position in this appeal — that CBP failed to

include in the verification report certain new factual information, *i.e.*, "a multitude of

exculpatory documents" presented to the agency at the verification.  CM/ECF No. 58, at 4

(arguing that "CBP arbitrarily and capriciously failed to include in the administrative record

*a multitude of exculpatory documents that CBP was provided at verification*…All of

these documents …should have been included in the administrative record but were neither

mentioned in the Verification Report nor included in the verification exhibits").  CBP rejected

their request to include these documents in the verification report.  The Plaintiffs, nevertheless,

are attempting to exploit the Defendant's proposed voluntary remand as an opportunity to

compel CBP to place these "exculpatory documents and rebuttal factual information" on

the administrative record during remand without the Court ever deciding on the merits whether the agency must do so.  *See* CM/ECF No. 63. at 3-4 (arguing that the Court should provide the Plaintiffs an opportunity to place on the record unspecified "additional exculpatory documents").  The Court should reject the Plaintiffs' proposed expansion of the remand scope, which "essentially requests that the court, prior to issuing a remand order, review {the agency's determination} on the merits."  *See Union Steel v. United States*, 33 Ct. Int'l Tr. 1392, 1399 (2009) (rejecting the plaintiff's proposed remand instructions that revise the U.S. government's voluntary remand request, indicating that "{s}uch a remand could not be described as a 'voluntary' remand" and it requires the court to review the agency's determination based on the merits prior to issuing the remand order.).

The Plaintiffs' reliance on *Norca Indus. Co., LLC v. United States*, 561 F. Supp. 3d 1379 (Ct. Int'l Tr. 2022), in support of their claims that they should be provided an opportunity to place on the record unspecified "additional exculpatory documents" in the remand proceeding, is misplaced and misleading.  CM/ECF No. 63, Plaintiffs' Response at 4.  The Plaintiffs failed to point out that the *Norca* court in fact granted the defendant's voluntary remand request in whole and declined the plaintiffs' request to expand the remand scope.  *Norca Indus. Co., LLC v. United States*, 561 F. Supp. 3d 1379, 1383 (Ct. Int'l Trade 2022).  There, the *Norca* plaintiffs "are not opposed to a voluntary remand, but believe that …the remand should extend to other issues raised in their motion."  *Id.* at 1382.  As the *Norca* court stated, "The only question here is how remand should be framed."  *Id.* at 1384.  The court there, however, (1) supported and granted the defendant's voluntary remand request and (2) rejected the plaintiffs' request to expand and "declined to opine at this point on the 'other issues raised' in Plaintiffs' brief."  *Id.*

Morover, CBP in *Norca* conceded that it failed to include certain documents in the underlying administrative record and requested a voluntary remand to address the issue.  *See id.* at 1383 ("Defendant concedes that the administrative record is incomplete.").  Here, however, the Defendant disagreed with the Plaintiffs that CBP excluded certain documents from the administrative record.  When the Plaintiffs raised this issue for the first time in their request for an administrative review of the EAPA final determination, CBP's Office of Regulations and Rulings ("ORR") refuted these claims after finding that there is "no evidence that TRLED relied upon facts not on the record." *See* Appx90305; *see also* CM/ECF No. 58, at 31-32 (the Plaintiffs argued that CBP erred in not including these documents in the verification report and complained that "ORR's response lacks foundation in the law").  The Court should not permit the Plaintiffs to supplement the record with these unidentified "exculpatory documents," the existence of which is disputed by the parties.  As the *Union Steel* court observed, to support the Plaintiffs' meritless request, the remand "cannot be described as a 'voluntary' remand" any longer, and the Plaintiffs are effectively asking the Court to force the CBP to place these disputed exculpatory documents on the record during the remand.

At this juncture, it is much too late for the Plaintiffs to attempt to submit any rebuttal factual information.  The Plaintiffs had numerous opportunities — including the 10-day time period after the transmission of the verification report, their written arguments, and their request for an administrative review of the EAPA final determination — to submit rebuttal information addressing the verification report.  The Plaintiffs, however, repeatedly failed to submit any rebuttal information or make any effort to raise their concerns about their ability to submit rebuttal information.  The Plaintiffs' failure to raise any arguments concerning the submission of rebuttal information addressing the verification report in the underlying administrative

proceeding bars the Plaintiffs' late request before this Court.  The established law of this Court requires parties to "exhaust their administrative remedies by raising all arguments in a timely fashion so that they may be appropriately addressed by the agency." *See Ta Chen Stainless Steel Pipe, Ltd. v. United States,* 28 C.I.T. 627, 644 (Ct. of Int'l Trade 2004); *see also* 28 U.S.C. § 2637(d).  The Plaintiffs' late effort to supplement the administrative record of the underlying proceeding cannot be reconciled with this Court's established law and should be rejected.

## CONCLUSION

The Defendant-Intervenor agree that a voluntary remand limited in the scope identified in the Defendant's Motion for Voluntary Remand is appropriate.  As explained, however, the Defendant-Intervenor opposes the Plaintiffs' request to expand the scope of the remand proceeding to permit the Plaintiffs to place new evidence on the administrative record.

Respectfully submitted,

Dated:  October 2, 2023

/s/ David M. Schwartz
David M. Schwartz
Meixuan (Michelle) Li
Kerem Bilge
THOMPSON HINE LLP
1919 M Street, N.W., Suite 700
Washington, D.C.  20036
Direct:  (202) 263-4170
Fax:  (202) 331-8330
Email:  David.Schwartz@ThompsonHine.com

*Counsel to GEO SPECIALTY CHEMICALS, INC.*

## CERTIFICATE OF COMPLIANCE

*NEWTREND USA CO., LTD., et al., v. UNITED STATES*

USCIT COURT No. 22-00347

I, David M. Schwartz, hereby certify that pursuant to the USCIT Standard Chambers Procedure ¶ 2(B)(2), the foregoing Defendant-Intervenor's Reply to the Plaintiffs' Response to the Motion for Voluntary Remand, as filed on this 2nd day of October, 2023, contains 1,880 words (as generated from Microsoft Word software).

/s/ David M. Schwartz
David M. Schwartz
THOMPSON HINE LLP
1919 M Street, NW, Suite 700
Washington, DC  20036
Direct:  (202) 263-4170
Fax:  (202) 331-8330
Email:  David.Schwartz@ThompsonHine.com

*Counsel to GEO SPECIALTY CHEMICALS, INC.*

Dated:  October 2, 2023