IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

|  |  |
|---|---|
| NEWTREND USA CO., LTD., STARILLE, LTD., and NUTRAWAVE CO., LTD., | ) ) ) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) Court No. 22-00347 |
| and | ) |
| GEO SPECIALTY CHEMICALS, INC., | ) |
| Defendant-intervenor. | ) |

**DEFENDANT'S CORRECTED REPLY IN RESPONSE TO PLAINTIFFS' RESPONSE TO DEFENDANT'S PARTIAL CONSENT MOTION FOR A VOLUNTARY REMAND**

Defendant, the United States, respectfully submits this corrected reply to the response to our partial consent motion for leave for a voluntary remand filed by plaintiffs Newtrend USA Co., Ltd., Starille, Ltd., and Nutrawave Co., Ltd. (collectively, Newtrend). Newtrend Resp., ECF No. 63. In the response, primarily relying on *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), Newtrend argues that the scope of the proposed voluntary remand is too narrow and that the Court should direct U.S. Customs and Border Protection (Customs) "on remand, to allow parties to submit additional factual information that is relevant to the information newly disclosed under the Protective order {sic}, including rebuttal factual information concerning information presented to Customs during the verification." Newtrend Resp. at 4. Newtrend also argues that the "Court should further direct {Customs} to allow

parties an opportunity to submit new briefs on all of the additional information disclosed under the Protective Order and any additional factual information submitted by the parties." *Id.* at 5. As we explain below, our request for a voluntary remand for Customs to reconsider or further explain its evasion determination properly interprets *Royal Brush* and Newtrend's arguments to the contrary are meritless.

As an overarching matter, the Enforce and Protect Act (EAPA) statute grants Customs broad discretion to determine the scope and means of the investigation, including authority to collect and verify any information it deems necessary to make its evasion determination. *See* 19 U.S.C. § 1517(c)(2). Customs' regulations set forth the types of information and requirements for the submission of factual information by parties. *See* 19 C.F.R. § 165.23. For example, parties to the investigation have 200 calendar days from the date of the initiation of the investigation to voluntarily submit factual information on the record. *Id.* § 165.23(c)(2). If Customs places new factual information on the record on or after the 200th day from the investigation's initiation, then "{p}arties to the investigation will have ten calendar days to provide rebuttal information to the new factual information from the date of service of any factual information or from the date of placement of any factual information on the record to provide rebuttal information to that factual information, if the information being rebutted was placed on the administrative record no later than 200 calendar days after CBP initiated the investigation{.}" *Id.* § 165.23(c)(1).

First, citing *Royal Brush*, Newtrend argues that Customs should be directed on remand "to provide Plaintiffs an opportunity to place on the record additional exculpatory documents and rebuttal factual information rebutting the verification report, rather than limiting the remand to expanding the record." Newtrend Resp. at 4. Newtrend, however, ignores that, in *Royal Brush*,

Customs expressly stated that its evasion determination was based on "*information obtained at verification*." 75 F.4th at 1263 (emphasis in original). In other words, Customs relied on new factual information in making its evasion determination. *Id.* The Federal Circuit held that there was "no question" that certain numerical data obtained at verification was "new factual information that, by regulation, Royal Brush is entitled to rebut." *Id.* at 1262 (citing 19 C.F.R. § 165.23(c)(1)); *id.* (explaining that the Court "need not reach the constitutional question of a right to rebuttal because we conclude that the regulations themselves provide the right to rebut because {Customs} *relied* on new factual information.") (emphasis added).

Newtrend's reliance on *Norca Industrial Company, LLC v. United States*, 561 F. Supp. 3d 1379 (Ct. Int'l Trade 2022), is also misplaced. Newtrend Resp. at 3-4. In requesting a voluntary remand in *Norca*, the United States conceded that a third party submitted evidence to Customs and that this evidence was never provided to the parties to the investigation. 561 F. Supp. 3d at 1382–83. And as part of the voluntary remand, the United States "confirm{ed} that the Parties will have an opportunity to submit rebuttal evidence and arguments to Customs based on the 'third party' information{.}" *Id.* at 1383.

In contrast, here, Customs chose *not* to accept certain information presented at the time of verification, and the Office of Trade, Regulations and Rulings explained that there was "no evidence that {the Trade Remedy and Law Enforcement Directorate} relied upon facts not on the record" in making its evasion determination. ECF No. 123 at BC-010364. Although Newtrend describes the documents as "exculpatory" that it now wants to place on a remand record, it concedes that "{Customs} refused to allow {the documents} in the original proceeding." Newtrend Resp. at 3. In effect, Newtrend appears to argue—without evidence or legal basis—

that Customs should be forced to accept new information at any time and without any restriction during an EAPA investigation.

But nothing in the EAPA statute permits an importer to direct the course of an investigation or mandate that Customs accept certain information on the administrative record, as Newtrend requests. Rather, Customs is directed to "place any relevant information on the administrative record" at verification. 19 C.F.R. § 165.25(b). And the deadline for any voluntarily submitted factual information was on or about February 7, 2022 (200 days after the investigation's initiation on July 21, 2021), which was *before* the on-site verification from May 3, through May 6, 2022. *Id.* § 165.23(c)(2). If Newtrend believed the documents it now wants to submit on a remand record were exculpatory and important to Custom's evasion determination, then it should have timely submitted them as voluntary factual information. *See Leco Supply, Inc. v. United States*, 619 F. Supp. 3d 1287, 1307 n.21 (Ct. Int'l Trade 2023) ("There is no prior case law discussing abuse of discretion under the EAPA statute with respect to rejection of untimely submissions, and the court draws from case law discussing abuse of discretion in the context of antidumping and countervailing duty proceedings."). Indeed, there is simply no basis for Newtrend's request that it have a *carte blanche* ability to submit information at (or after) the verification that it deems exculpatory, nor can it force Customs to accept information that *Customs previously did not place on the record and did not rely on* in making the evasion determination. *Id.*; *see also id.* § 165.21(a)(1) (directing the administrative record to include "{m}aterials obtained and *considered* by {Customs} during the course of an investigation") (emphasis added).

Relatedly, because Customs did not place the alleged exculpatory documents on the record at verification, there is no basis for Newtrend to argue that it should have the right to put

"rebuttal" factual information on a remand record, Newtrend Resp. at 4, because there is nothing to rebut. In other words, there is no need for the parties to submit rebuttal factual information because Customs did not rely on (nor did it accept) any new data in the verification report. *See* 19 C.F.R. §§ 165.21(a)(1), 165.25(b).

Second, Newtrend argues that the Court should direct Customs, on remand, "to provide the parties an opportunity to submit new briefs for Customs based on the complete information disclosed under any protective order." Newtrend Resp. at 3. This request is puzzling because Newtrend agrees that a protective order is needed and on remand, "{t}he genie is out of the bottle and subject to the protections of a {joint protective order}," which will "allow parties to make arguments based on the entire record." *Ad Hoc Shrimp Trade Enforcement Comm. v. United States*, 578 F. Supp. 3d 1310, 1322 (Ct. Int'l Trade 2023); *see, e.g.*, *Norca*, 561 F. Supp. 3d at 1384 (holding that "it is essential for the Parties to have the opportunity to make presentations to Customs based on complete information" and "remand will result not only in correcting the record but a reconsideration by Customs of the allegations of evasion 'anew' based on the complete record{.}"); *Leco*, 619 F. Supp. 3d at 1306 ("On remand, Leco had full access to the confidential record and, thus, had the ability to make any arguments, or provide additional information, rebutting *all* record information which detracted from its position.") (emphasis in original); *Royal Brush Mfg., Inc. v. United States*, 483 F. Supp. 3d 1294, 1307–08 (Ct. Int'l Trade 2020) (remanding to Customs to remedy a lack of public summaries and to provide respondent an opportunity to participate on the basis of the information it should have received during the underlying proceeding). Consistent with its practice, Customs, of course, intends to allow parties to comment on the complete information disclosed under the protective order.

5

**CONCLUSION**

For these reasons, we respectfully request that the Court remand this matter to Customs for further administrative proceedings.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

| | |
|---|---|
| JENNIFER L. PETELLE<br>Attorney<br>U.S. Customs and Border Protection<br>  Office of the Chief Counsel | /s/ Kara M. Westercamp<br>KARA M. WESTERCAMP<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington D.C. 20044<br>Tel: (202) 305-7571<br>Email: kara.m.westercamp@usdoj.gov |
| October 2, 2023 | Attorneys for Defendant |

# CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief contains 1,415 words. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

*/s/Kara M. Westercamp*
KARA M. WESTERCAMP