UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEWTREND USA CO., LTD., STARILLE, LTD., AND NUTRAWAVE CO, LTD., <br><br> *Plaintiffs*, <br><br>v. <br><br>UNITED STATES, <br><br> *Defendant,* <br><br>and <br><br>GEO SPECIALTY CHEMICALS, INC., <br><br> *Defendant-Intervenor.* | Before: Stephen Alexander Vaden, Judge <br><br> Court No. 1:22-cv-00347 |

## ORDER

  The Defendant (the Government or Customs) requests a remand to "reconsider or further explain its evasion determination in light of . . . *Royal Brush Mfg. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) relative to the treatment of confidential information." Def.'s Partial Consent Motion for Voluntary Remand (Def.'s Mot.) at 1, ECF No. 62. The Government also proposes that the Court enter a Protective Order to allow the Plaintiffs to access confidential information. *Id.* at 4–5. The Plaintiffs, Newtrend USA Co., Ltd; Starille, Ltd.; and Nutrawave Co., Ltd., support a voluntary remand but want to expand its scope. *See* Pls.' Response at 1, ECF No. 63 ("[The remand request] does not address all . . . issues in this case that are impacted by

1

*Royal Brush.*"). Defendant-Intervenor GEO Specialty Chemical, Inc. supports the Defendant's Motion but objects to the Plaintiffs' broader scope request. Def.-Int.'s Reply at 1, ECF No. 65. For the reasons below, the Defendant's Motion is **GRANTED** subject to the terms stated herein.

## FACTUAL BACKGROUND

### I. Events Giving Rise to the Defendant's Motion

Customs initiated a consolidated investigation against Plaintiffs on October 26, 2021, after evaluating the Defendant-Intervenor's Enforce and Protect Act (EAPA) allegations. *See* Memorandum of Points and Authorities of Plaintiffs in Support of Rule 56.2 Motion for Judgment on the Agency Record (Pls.' Br.) at 5–6, ECF No. 58. In its allegations, GEO contended that Plaintiffs transshipped Chinese glycine to the United States by way of Indonesia to evade antidumping and countervailing duties on glycine from China. *Id.* On July 22, 2022, Customs issued its determination that Plaintiffs transshipped glycine and thereby evaded antidumping and countervailing duties. *Id.* at 12.

In their brief, Plaintiffs argue that Customs "denied Plaintiffs' fundamental right to know and be permitted to respond to information upon which [the Trade Remedy Law Enforcement Directorate] would rely in its Verification Report" because the information contained business confidential information, over-redacted key information, and failed to provide adequately detailed summaries. *Id.* at 3, 29–31. The Plaintiffs also argue that Customs "arbitrarily and capriciously" failed to include in the administrative record "exculpatory documents" that Plaintiffs provided at

2

verification and that those documents were not "mentioned in the Verification Report [or] included in the verification exhibits." *Id.* at 4.

On July 27, 2023, the United States Court of Appeals for the Federal Circuit decided *Royal Brush Manufacturing v. United States* (*see infra* Section II); and Plaintiffs filed a Notice of Supplemental Authority on July 31, 2023. *See* 75 F.4th at 1250; *see also* Pls.' Notice of Suppl. Auth. 1–2, ECF No. 61. On September 14, 2023, Customs, after conferring with the Plaintiffs' attorney, filed a Partial Consent Motion for Voluntary Remand to "reconsider or further explain" its evasion determination in light of the *Royal Brush* decision. Def.'s Mot. at 1, ECF No. 62.

The Plaintiffs object that *Royal Brush* implicates issues excluded from the Defendant's Motion. *See* Pls.' Response at 1, ECF No. 63. Plaintiffs request that the remand (1) "[allow] the parties . . . to submit new briefs for Customs based on the complete information disclosed under any protective order"[1] and (2) "[allow] Plaintiffs . . . to place on the record additional exculpatory documents and rebuttal factual information rebutting the verification report." *Id.* at 3–4. GEO supports Customs' remand Motion and opposes the Plaintiffs' request for an expanded remand, arguing that *Royal Brush* does not require an opportunity for rebuttal here. Def.-Int.'s Reply at 3, ECF No. 65.

---

[1] The Plaintiffs elsewhere in their brief request this Court "allow parties an opportunity to submit new briefs on all of the additional information disclosed under the Protective Order *and any additional factual information submitted by the parties*." Pls.' Response at 4–5, ECF No. 63 (emphasis added). Consistent with this Court's Order and, as pointed out in the Defendant's Reply, Plaintiffs will be able to make additional presentations based on the entire record. *See* Def.'s Reply at 5, ECF No. 67 ("Consistent with its practice, Customs, of course, intends to allow parties to comment on the complete information disclosed under the protective order.").

3

## II. The Federal Circuit's Decision in *Royal Brush*

In *Royal Brush*, the Federal Circuit addressed an appeal of a Customs transshipment final determination. *Royal Brush*, 75 F.4th at 1255. Under the EAPA, Customs determined that Royal Brush transshipped its products to evade antidumping duties. *See id.* at 1254. Royal Brush argued that Customs (1) based its determination on confidential information that was improperly withheld and (2) improperly denied Royal Brush an opportunity to rebut this evidence. *Id.*

The Federal Circuit held that there is no "legitimate interest" in refusing to provide confidential business information when "all government concerns about . . . secrecy can be alleviated by issuing a protective order." *Id.* at 1259. The *Royal Brush* court noted that the right to rebut "has constitutional dimensions" but did not reach the constitutional question. *Id.* at 1262 (citing *e.g.*, *Greene v. McElroy*, 360 U.S. 474, 496 (1959) and *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1279 (Fed. Cir. 2011) as "mak[ing] clear [that] the right to rebut has constitutional dimensions"). Instead, the Federal Circuit concluded that Customs' regulations allowed rebuttal because Customs "relied on new factual information" in its Verification Report. *Royal Brush*, 75 F.4th at 1262–63; *see also* 19 C.F.R. § 165.23(c)(1) ("If [Customs] places new factual information on the administrative record [in an evasion determination] on or after the 200th calendar day after the investigation . . . , the parties to the investigation will have ten calendar days to provide rebuttal information to the new factual information."). The Federal Circuit rejected the argument that the Verification Report relied only on previously provided data — pointing to the Verification Report's

4

contents and Customs' description of the verification process to find it relied on new factual information. *Royal Brush*, 75 F.4th at 1262–63. Because Customs relied on new factual information, the regulations provided for the right to rebuttal and the constitutional question need not be answered. *Id.* at 1262.

## **STANDARD OF REVIEW**

An agency "may seek a remand because of intervening events outside of the agency's control, for example, a new legal decision . . . . A remand is generally required if the intervening event may affect the validity of the agency action." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001) (internal citations omitted). In evaluating an agency's remand request, "The reviewing court has discretion over whether to remand" and may refuse a request that is "frivolous or in bad faith." *Id.* at 1029. "[I]f the agency's concern is substantial and legitimate," however, "a remand is usually appropriate." *Id.*

An agency's concern is substantial and legitimate if "(1) [the agency] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 37 CIT 1123, 1127 (2013). This Court is "free, within reasonable limits, to set the parameters of the remand." *Trent Tube Div., Crucible Materials Corp. v. Avesta Sandvik Tube AB*, 975 F.2d 807, 814 (Fed. Cir. 1992). This Court has authority to issue protective orders, including in EAPA cases. *Royal Brush*, 75 F.4th at 1262 n.15; *see also* USCIT Rule 26(c) ("The court may, for good cause, issue an order to protect a party or person . . . requiring

that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

## ANALYSIS

All parties agree that a voluntary remand is appropriate to consider the implications of *Royal Brush*. *See* Def.'s Mot. at 3–4, ECF No. 62; Pls.' Response at 1, ECF No. 63; Def.-Int.'s Reply at 1, ECF No. 65. The only dispute is the remand's scope. *See* Pls.' Response at 2, ECF No. 63. *Cf. Norca Indus. Co., LLC v. United States*, 561 F. Supp. 3d 1379, 1384 (CIT 2022) ("The only question here is how remand should be framed.").

Customs' limited remand request will allow the Plaintiffs to access previously withheld proprietary information. Def.'s Mot. at 4–5, ECF No. 62. The Plaintiffs, however, argue that *Royal Brush* requires Customs "to provide unredacted information . . . *and* 'give [Plaintiffs] an opportunity for rebuttal.'" Pls.' Response at 3, ECF No. 63 (quoting *Royal Brush*, 75 F.4th at 1263). The Plaintiffs contend that Customs should place (or allow Plaintiffs to place) "exculpatory" documents on the record — documents that the Plaintiffs or their affiliates gave to Customs at verification but which Customs refused to consider in the original proceeding. Pls.' Response at 3, ECF No. 63.[2] To support their request to expand the remand's scope, Plaintiffs primarily rely on *Royal Brush* and *Norca Industries v. United States*. *See*

---

[2] The Plaintiffs also state in their brief that Customs did not say whether, on remand, it would "permit additional briefing (including responsive information) based on those additional materials." Pls.' Response at 3, ECF No. 63. *Cf. supra* n.1 (citing to the Government's reply).

*Royal Brush*, 75 F.4th at 1250; *Norca Indus.*, 561 F. Supp. 3d at 1379 (granting Defendant's Motion for Voluntary Remand in an EAPA investigation).

The Defendant and Defendant-Intervenor argue that *Royal Brush* does not mandate rebuttal here. Def.'s Reply at 2, ECF No. 67; Def.-Int.'s Reply at 3, ECF No. 65 (arguing the opportunity for rebuttal was "specific to the facts [in *Royal Brush*] and is inapposite . . . here."). The Defendant contends that *Royal Brush* allowed rebuttal because Customs relied on new factual information in making its evasion determination. Def.'s Reply at 3, ECF No. 67 (citing *Royal Brush*, 75 F.4th at 1263). Here, the Government argues, "Customs chose not to accept certain information presented at the time of verification" and there was no evidence that the Trade Remedy and Law Enforcement Directorate "relied upon facts not on the record." *Id.* at 3. The Defendant-Intervenor similarly claims that "the Plaintiffs have never argued that [Customs] relied on new factual information in the verification report . . . or sought to submit rebuttal evidence addressing the verification report. Def.-Int.'s Reply at 4, ECF No. 65. Instead, GEO characterizes the Plaintiffs' request as "[an attempt] to exploit the Defendant's proposed voluntary remand to compel [Customs] to place [these documents] on the . . . record without the Court ever deciding on the merits whether the agency must do so." *Id.* at 4–5.

In *Norca*, Customs argued that its remand request was "substantial and legitimate" because "certain documents [from a third party] collected during [an] investigation were not provided to the Parties during the investigation or included [in] the record that Customs received for consideration during the administrative

7

review." 561 F. Supp. 3d at 1382. Customs also "confirm[ed] that the Parties [would be allowed] to submit rebuttal evidence and arguments to Customs based on the 'third party' information[.]" *Id.* at 1383. Although the *Norca* plaintiffs did not oppose remand, they argued that it "should extend to other issues raised in their [Motion for Judgment on the Agency Record]." *Id* at 1382. The Court deemed it "essential" that the parties could make presentations to Customs based on complete information and that Customs consider the entire record to ensure "accuracy and completeness" in its final administrative determinations. *See id.* at 1384. Remand would correct the record and lead Customs to consider the evasion allegations "anew" based on a complete record. *Id.* However, the Court declined to consider "other issues raised" in the Plaintiffs' briefs and instead "remand[ed] all issues to Customs for full consideration of the complete record." *Id.*

Customs and GEO argue that the Plaintiffs' reliance on *Norca* is misplaced. GEO notes that the *Norca* court granted the Defendant's motion but declined to use the order to "opine" on other issues in the Plaintiffs' brief. Def.-Int.'s Reply at 5, ECF No. 65 (citing *Norca*, 561 F. Supp. 3d at 1384). They also observe that, in *Norca*, Customs (1) conceded that it failed to include certain documents in the underlying record, (2) requested a voluntary remand to address the issue, and (3) confirmed that the parties would be able to submit rebuttal evidence and arguments based on the "third party information." *See id.* at 6; *see also* Def.'s Reply at 3, ECF No. 67 (quoting *Norca*, 561 F. Supp. 3d at 1383). In this case, Customs chose not to accept information

8

presented at verification and has not conceded that it excluded certain documents from the record. Def.'s Reply at 3–4, ECF No. 67; Def.-Int.'s Reply at 6, ECF No. 65.

Finally, GEO and Customs argue that it is too late for the Plaintiffs to submit rebuttal information. *See* Def.'s Reply at 4, ECF No. 67 ("If Newtrend believed the documents it now wants to submit . . . were exculpatory and important to Custom's [*sic*] evasion determination, then it should have timely submitted them as voluntary factual information."); *see also* Def.-Int.'s Reply at 6, ECF No. 65 ("The Plaintiffs had numerous opportunities . . . to submit rebuttal information addressing the verification report."). Their argument notably omits consideration of whether Plaintiffs were on notice such rebuttal information might be necessary given Customs' unconstitutional refusal to share with Plaintiffs the evidence submitted against them.

Customs has shown "substantial and legitimate" concerns so that a remand is appropriate. *See SKF*, 254 F.3d at 1029. Customs bases its request on a compelling justification: "potential concerns with how [Customs] treated confidential information during the underlying review, and how that may have limited plaintiffs in responding to [the] transshipment allegations." Def.'s Mot. at 4, ECF No. 62. This Court declines at this time to opine on what *Royal Brush* or constitutional due process requires for the Plaintiffs' arguments to be fully heard. Administrative practice generally requires the agency to present its views first — not the Court. *See McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (noting that "agencies, not the courts, ought to have primary responsibility for" their programs such that allowing the agency to first

9

provide its views "promotes judicial efficiency" by "produc[ing] a useful record for subsequent judicial consideration"). On remand, Customs should correct any errors required by *Royal Brush*; and the Plaintiffs may make any arguments they wish about what *Royal Brush*, due process generally, or Customs' regulations require. Customs should consider all Plaintiffs' due process and evidentiary claims and either grant relief or put on the record in detail why such relief is not required. The Court reminds the agency that, unless its explanation is found in its redetermination, it will not be considered. *See Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962) ("The courts may not accept appellate counsel's *post hoc* rationalizations for agency action[.]").

The Court **GRANTS** remand for up to ninety days. Within ten days of Customs' filing the remand redetermination, the parties shall confer and file a proposed briefing schedule with the Court on any remaining issues. The Court also **ORDERS** that briefing on Plaintiffs' Motion for Judgment on the Agency Record is **STAYED** pending Customs' redetermination. Finally, the Court **ORDERS** that the parties submit a proposed Protective Order similar to the example contained in Attachment 1 of the Defendant's Motion. The proposed Protective Order should be modified to comply with USCIT Rule 5(g), which allows for no more than one day's delay in filing final copies of confidential and public versions of documents.

**SO ORDERED.**

Dated: October 20, 2023
New York, New York

Stephen Alexander Vaden, Judge