UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| NEWTREND USA CO., LTD., STARILLE, LTD., and NUTRAWAVE CO., LTD.,<br><br>    Plaintiffs,<br><br> v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br> and<br><br>DEER PARK GLYCINE, LLC,<br><br>    Defendant-Intervenor. | Court No. 22-347 |

**CONSENT MOTION FOR ERRATA**

Pursuant to Rule 7(b) of the Rules of this Court, Plaintiffs Newtrend USA Co., Ltd., Starille Ltd., and Nutrawave Co., Ltd. ("Plaintiffs"), respectfully request that this Court grant this consent motion for errata to correct two errors in Plaintiffs' Opening Comments in Opposition to U.S. Customs and Border Protection Remand Redetermination (Mar. 4, 2024), Docket Nos. 97 and 98 ("Plaintiffs' Opening Comments").

Case Citation Error

Upon further review of Plaintiffs' Opening Comments, Plaintiffs noticed inadvertent errors in the citation of authorities quoted on page 5-6 of the brief. Specifically, Plaintiffs erred in its citation of the following sentences:

> The substantial evidence standard includes word formulas asking whether a "reasonable mind might accept" a particular evidentiary record as "adequate to support a conclusion" and "requires judges to apply logic and experience to an evidentiary record … .." and ensure that the evidence is "sufficient to justify, if the trial were to

> a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." as "determined on the entirety of the record, taking into account the evidence that supports and the evidence that detracts from the agency's conclusion" *Dickinson v. Zurko*, 527 U.S. 150, 162, 163 (1999) internal quotation marks omitted). But part of the standard includes "intangible factors such as judicial confidence in the fairness of the factfinding process." *Id* at 163.

While most of the quotes above were indeed taken from *Dickinson v. Zurko*, the quote "sufficient to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury" is actually a quote from *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 619 (1966) (quoting *National Labor Relations Board v. Columbian Enameling & Stamping Co.*, 306 U.S. 292 1939)). In addition, the quote "determined on the entirety of the record, taking into account the evidence that supports and the evidence that detracts from the agency's conclusion" is a quote from *Siemens Energy, Inc. v. United States*, 806 F.3d 1367, 1369 (Fed. Cir. 2015). As a result, the passage should read as follows:

> The substantial evidence standard includes word formulas asking whether a "reasonable mind might accept" a particular evidentiary record as "adequate to support a conclusion," *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999) (quoting *Consolidated Edison*, 305 U.S. 197, 229 (1938)), and "requires judges to apply logic and experience to an evidentiary record …", *Dickinson*, 527 U.S. at 163, and ensure that the evidence is "sufficient to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury", *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 619 (1966) (quoting *National Labor Relations Board v. Columbian Enameling & Stamping Co.*, 306 U.S. 292 1939)), as "determined on the entirety of the record, taking into account the evidence that supports and the evidence that detracts from the agency's conclusion" *Siemens Energy, Inc. v. United States*, 806 F.3d 1367, 1369 (Fed. Cir. 2015). But part of the standard includes "intangible factors such as judicial confidence in the fairness of the factfinding process." *Dickinson*, 527 U.S. at 163.

Accordingly, Plaintiffs respectfully request leave to correct the above passage through errata.

<u>Error re Date of Brief</u>

In addition to the above, Plaintiffs noticed that Plaintiffs' Opening Comments, on page 3, also contain an error regarding a citation to the date of the Memorandum of Points and Authorities of Plaintiffs in Support of Rule 56.2 Motion for Judgment on the Agency Record, Docket No. 57 ("Memorandum of Points and Authorities").  Plaintiffs inadvertently stated that the date of the Memorandum of Points and Authorities was May 26, 2022.  In fact, this document was filed on May 26, 2023.

Accordingly, Plaintiffs respectfully request leave to correct the date on page 3 through errata.

Pursuant to Rule 7(f) of the Rules of this Court, counsel for Plaintiffs consulted via e-mail with Kara Westercamp, Esq., counsel for Defendant, and David Schwartz, Esq., counsel for Defendant-Intervenor.  On February 10, 2025, both counsel for Defendant (Kara M. Westercamp, Esq.) and counsel for Defendant-Intervenor (David M. Schwartz, Esq.) consented by e-mail to the Motion for Errata.

Pursuant to Administrative Order No. 02-01, paragraph 4(d)(i), accompanying this motion contains: (1) a list of the amendments or corrections, including the page numbers for the amendment or correction; (2) a complete copy of the amended or corrected document; and (3) an amended or corrected version of the document showing the additions, deletions, and any other changes in a "redline and strikeout" format.

For the reasons discussed above, Plaintiff respectfully requests that this motion be granted and that the Court accept the corrected Opening Comments in Opposition to U.S. Customs and Border Protection Remand Redetermination in this case. Attached is a proposed order.

Respectfully submitted,

/s/ Richard P. Ferrin
Douglas J. Heffner
Brian Perryman
Wm. Randolph Rucker
Richard P. Ferrin
Carolyn Connolly

**FAEGRE DRINKER BIDDLE & REATH LLP**
1500 K Street, N.W.
Washington, DC 20005
(202) 230-5803

*Counsel to Plaintiffs Newtrend USA Co., Ltd.,
Starille Ltd., and Nutrawave Co., Ltd.*

February 10, 2025

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| NEWTREND USA CO., LTD., STARILLE, LTD., and NUTRAWAVE CO., LTD., <br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>   and<br><br>DEER PARK GLYCINE, LLC,<br><br>        Defendant-Intervenor. | Court No. 22-347 |

**ORDER**

Upon consideration of the Consent Motion for Errata filed by Plaintiffs Newtrend USA Co., Ltd., Starille Ltd., and Nutrawave Co., Ltd., in the above-captioned action, it is hereby

**ORDERED** that the Motion is GRANTED, and it is further

**ORDERED** that the complete corrected copy to Plaintiffs' Opening Comments in Opposition to U.S. Customs and Border Protection Remand Redetermination be substituted for the original version.

 

_____
Judge Stephen A. Vaden

Dated: _____, 2025
       New York, New York